Case 4:24-cv-01801   Document 25   Filed on 09/19/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
September 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY MOZINGO, TDCJ # 01578424, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:24-1801 |
| DANA SULLIVAN, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Johnny Mozingo, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *in forma pauperis* in this civil rights action. Mozingo has filed a complaint (Dkt. 15), a motion for appointed counsel (Dkt. 18), and a proposed supplement to his complaint (Dkt. 22). Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below. Mozingo's pending motions will be **DENIED**.

**I.    BACKGROUND**

Mozingo initiated this suit by filing a letter addressed to Hon. Keith Ellison (Dkt. 1). The letter complained that the temperature in his dormitory at the Pack Unit was 88

degrees at 3:00 a.m. on April 15, 2024, and remained at 88 degrees until at least 6:00 a.m. that day. He stated that, later in the day on April 15, the maintenance department had come and turned on the air conditioners for the unit. Mozingo also alleged that Warden Dana Sullivan and other officials had lied in responding to his administrative grievance regarding temperatures on April 15. He attached Grievance No. 2024092103, which officials denied at both stages of the administrative process (*id.* at 3-6).

On May 22, 2024, the Clerk issued a notice of deficient pleading informing Mozingo that, if he wished to file a civil-rights suit, he was required to file a complaint on the court's form and to pay the filing fee or move for leave to proceed *in forma pauperis* (Dkt. 3). On July 29, 2024, after Mozingo failed to fully comply with the notice, the Court dismissed the suit under Federal Rule of Civil Procedure 41(b) (Dkt. 9).

On August 26, 2024, Mozingo filed a form complaint (Dkt. 15). The Court then reinstated the case and granted him leave to proceed *in forma pauperis* (Dkt. 16). The complaint names Warden Sullivan as the sole defendant and alleges that Sullivan lied when responding to Grievance No. 2024092103. Mozingo alleges that, although the air conditioners were not working on the morning of April 15, Sullivan stated in response to his Step 1 grievance that the temperatures that day complied with all relevant standards and that no evidence supported Mozingo's allegation. He also alleges that the grievance system does not work properly for inmates because officials provide only "boiler-plate" responses or "lie on the grievance as in this case" (Dkt. 15, at 4). The officials' responses to the grievance state that Mozingo's complaint had been investigated, that temperatures on April 15, 2024, had "remained within the designated range" and complied with policy

directives, that temperature readings "show the temperature was not above 85 degrees," and that no evidence supported his allegation (*id*. at 8, 10).

As relief for his claims, Mozingo requests that the Court "revamp or take the grievance system completely out of TDCJ and find someone that is not connected to TDCJ . . . to manage and investigate the grievance[s]" (*id*. at 4). He also requests that the Court order TDCJ to install "automatic change over [thermostats]" and to remove the temperature adjustments from TDCJ's control (*id*. at 5).

Mozingo also filed a motion for appointed counsel and alleges that officials at the Pack Unit retaliated against him for filing this suit. He claims that, since reinstatement of the case, he has missed three medical appointments because officials transport him to the appointments but he arrives too late (Dkt. 18). His recent proposed supplement to his complaint further alleges retaliation (Dkt. 22).

Because Mozingo's initial letter (Dkt. 1) regarding temperatures on April 15, 2024, potentially raised an issue under *Cole v. Collier*, Civil Action No. 4:14-1698 (S.D. Tex.), which is in the exclusive jurisdiction of Hon. Keith P. Ellison, the Court referred the issue to Judge Ellison. *See* Dkt. 24.

## II.  THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it

lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 . Additionally, regardless of how well-pleaded the factual allegations may be,

they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III.    DISCUSSION

Mozingo brings his claims under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation. *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).

### A.    Claim against Warden Sullivan

Mozingo claims that Warden Sullivan lied on a grievance response when stating that temperatures at the Pack Unit complied with relevant standards on April 15, 2024. This allegation against Sullivan does not state a valid claim for relief under the Due Process Clause. An inmate does not have a federal protected interest in having grievances investigated or resolved to his satisfaction. *See Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014); *Geiger*, 404 F.3d at 374. When prison officials investigate an inmate's grievance and provide "a written justification for why he was not entitled to relief," the inmate fails to state a due process claim regarding the grievance process. *See Stauffer*, 741 F.3d at 587. In this case, Mozingo received responses at both stages of the grievance process stating that officials had investigated his complaint and that evidence did not support his allegation (Dkt. 15, at 7-10). Although Mozingo alleges that the responses were not truthful, this allegation, without more, does not state a claim upon which relief can be granted. *See Stauffer*, 741 F.3d at 587.

Additionally, Mozingo requests that this Court "revamp" TDCJ's grievance system

or remove it from TDCJ's control. Federal statute limits prospective relief in PLRA cases to relief that "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1)(A). Because Mozingo's complaint does not seek relief that is narrowly drawn to correct the alleged violation of his rights, his requested relief is unavailable.

Therefore, taking all pleaded facts as true, and with every doubt resolved on the Mozingo's behalf, his civil rights claim must be dismissed. *See Harrington*, 563 F.3d at 147.

### B. Motions to Appoint Counsel and to Supplement Pleadings

Mozingo has filed a motion to appoint counsel and alleges that TDCJ officials retaliated against him since the Court reinstated this case on October 8, 2024 (Dkt. 18). He states that he missed three medical appointments at John Sealy Hospital, on October 28, 2024; November 25, 2024; and February 24, 2025. He claims that he had not missed any appointments at John Sealy before the Court reinstated his case, and attributes the missed appointments his late arrival due to retaliation "from the administration officials here at the Pack Unit" (Dkt. 18, at 1) (alleging that officials "get me there on the day of my appointments but not on time to make my appointments"). On September 5, 2025, he filed a supplement alleging that his appointment had been delayed for eight months and was finally scheduled only after he threatened to file a retaliation claim (Dkt. 22, at 1). He attaches records from Grievance 2025086189, which reflect responses from officials stating that "unforeseen circumstances" and lack of available vehicles had caused his appointment to be canceled, but that he had attended the appointment on June 23, 2025 (*id*.

at 6). In the grievance, Mozingo alleged that multiple other inmates had missed appointments during the same period. *See id.* at 5 (alleging that only one of seven inmates had arrived on time for his appointment on Oct. 28, 2024; that only two out of seven had arrived on time on Nov. 25, 2024; and that only one out of seven had arrived on time on Feb. 24, 2025).

To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019). For the causation element, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained-of adverse action would not have occurred. *Nieves v. Bartlett*, 587 U.S. 391, 399 (2019); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Mozingo's request to supplement his pleadings seeks to bring claims based on events that occurred after he filed his complaint. Therefore, the request is governed by Federal Rule of Civil Procedure 15(d). *See Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012). Whereas Rule 15(a) provides that leave to amend should be "freely given," the text of Rule 15(d) contains no such provision. *Burns v. Exxon*, 158 F.3d 336, 343 (5th Cir. 1998). Nevertheless, "the discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading." *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (citing 6 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1504 (1971)); *see Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018).

Here, Mozingo does not allege that Warden Sullivan, the only defendant in this case, was involved in the alleged retaliation,[1] and identifies no particular official involved. He thus does not plead facts that could show that a defendant intended to retaliate against him for exercising his right to litigate this case. *See Baughman*, 935 F.3d at 312; *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (in inmate must allege more than his personal belief that he is the victim of retaliation); *Woods*, 60 F.3d at 1166 (an inmate must produce direct evidence of retaliatory motive or allege a chronology of events from which retaliation may plausibly be inferred). Additionally, the plaintiff's allegation in his grievance that other inmates also missed appointments on the same days would defeat a showing that, "but for" some retaliatory motive against him, Mozingo would not have arrived late for his appointments. *See Nieves*, 587 U.S. at 399.

Because Mozingo's proposed supplement would fail to state a valid claim of retaliation, the Court in its discretion will deny Mozingo's request to supplement his pleadings. Mozingo's request for appointed counsel will be denied as moot because all substantive claims have been dismissed.

### IV.     CONCLUSION

For the reasons stated above, and having referred the potential *Cole* violation to the court with jurisdiction over the issue, the Court now **ORDERS** as follows:

---

[1] *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (a supervisory official such as Collier may be held liable under § 1983 "only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury") (cleaned up).

1. The complaint filed by Mozingo is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

2. The plaintiff's motion to supplement his pleadings is **DENIED** and his request for appointed counsel (Dkt. 18) is **DENIED as moot**.

3. All other pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas, on ___September 19___, 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE